UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREIF PACKAGING, LLC,**

      **Plaintiff,**

v.                                          Civil Action 2:25-cv-345
                                                  **Judge Douglas R. Cole**
                                                  **Magistrate Judge Chelsey M. Vascura**

**TRANSCEND TRANSIT, LLC,** *et al.*,

      **Defendants.**

**OPINION AND ORDER**

Plaintiff, Greif Packaging, LLC, sues Defendants Transcend Transit, LLC, Excel Transport, LLC, Robert L. Mack, Jr., Deborah A. (Mack) Davis, and Alexander Silva under the Racketeer Influenced Corrupt Organizations Act ("RICO"), and also advances several related state-law claims. (Compl., ECF No. 1.) This matter is before the Court on Defendants'[1] Motion for Limited Stay of Discovery Pending Resolution of Motions to Dismiss (ECF No. 30). Therein, Defendants seek a stay of all discovery in this case pending resolution of Defendants' motions to dismiss for failure to state a claim and for lack of personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) (ECF Nos. 15–16). For the following reasons, Defendants' Motion to Stay Discovery (ECF No. 30) is **DENIED**.

---

[1] Defendant Alexander Silva has not yet appeared in this action and does not join in the Motion. This Opinion and Order uses "Defendants" to refer to Transcend Transit, LLC, Excel Transport, LLC, Robert L. Mack, Jr., and Deborah A. (Mack) Davis.

## I.     STANDARD OF REVIEW

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In resolving a motion to stay discovery, a court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1 (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, Mar. 4, 2008)). "The Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977). The proponent of the stay bears the burden of showing the need for the stay and that "neither the other party nor the public will suffer harm

from entry of the order." *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020) (citing *id.*).

## II. ANALYSIS

Defendants have not demonstrated that a stay of discovery is appropriate. In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio*

*Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2–3 (S.D. Ohio Oct. 19, 2020) ("Absent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion.").

Nor do Defendants' personal jurisdiction or venue arguments under Rules 12(b)(2) and 12(b)(3) warrant a stay of discovery. *See Charvat v. NMP, LLC*, No. 2:09-CV-209, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009) ("the impact of these types of motions [*i.e.*, motions to dismiss for lack of subject-matter jurisdiction versus personal jurisdiction] on the issue of whether discovery should proceed is not substantially different"). Motions under Rule 12(b)(2) or 12(b)(3) rarely provide grounds for stay because they go not to the merits, but merely to the forum in which the merits of the case will be decided. *See DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc.*, No. 2:15-CV-70, 2015 WL 7450893, at *11 (S.D. Ohio Nov. 24, 2015) ("requests for stays pending resolution of [motions] that do not go to the merits of the case are less compelling") (collecting cases).

Further, Defendants have made no showing that responding to Plaintiff's written discovery requests will be unduly burdensome. Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation." *Young*, 2020 WL 7407735, at *3. "Alleged costs associated with discovery, without details of a specific burden, are unlikely to justify a stay of discovery." *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132, 2015 WL 2128156, at *1 (S.D. Ohio May 6, 2015); s*ee also, e.g., City of Lancaster v. Flagstar Bank, FSB,* No. 10–cv–1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011*)* (denying the motion to stay discovery where the party

4

filing the motion "ma[de] no effort to detail the specific burdens it will face from discovery in this case; nor [did] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion"). To the extent that Defendants believe that particular requests are overbroad or unduly burdensome, the parties are directed to meet and confer as to those requests via simultaneous means (such as telephone or video conference), and, if the parties reach an impasse, they may request an informal discovery conference with the Court as provided by the undersigned's Preliminary Pretrial Order. (ECF No. 32.)

Finally, Defendants' assertion that a stay of discovery will not prejudice Plaintiff is unavailing. A plaintiff has an interest in the speedy resolution of its case. *See Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021). Put another way, a plaintiff has "a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. Consistently, Federal Rule of Civil Procedure 1 states that the rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Application of these principles here weighs against granting a stay of discovery.

## III. DISPOSITION

For the foregoing reasons, Defendants' Motion for Limited Stay of Discovery Pending Resolution of Motions to Dismiss (ECF No. 30) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

5